**IN THE COURT OF APPEALS OF IOWA**

No. 18-0281
Filed June 20, 2018

**IN THE INTEREST OF X.W. and R.J.,**
**Minor Children,**

**A.W., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.


　　　　A mother appeals a permanency order in child-in-need-of-assistance proceedings placing her two children in the care of the father of one of the children. **AFFIRMED.**


　　　　Jean Capdevila, Davenport, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　　　Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, guardian ad litem for minor children.


　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals a permanency order in child-in-need-of-assistance (CINA) proceedings placing both children in the care of the father of one of the children. We conclude it is in the best interests of both children to be placed with the father of the younger child. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

A.W. is the mother of X.W., born in 2008, and Ra.J., born in 2011. The father of X.W. is L.L. and the father of Ra.J. is Ro.J. The children were removed from the mother's care on June 24, 2015, due to concerns she was homeless and using illegal drugs. The children were placed in Ro.J.'s care. The children were adjudicated to be in need of assistance under Iowa Code section 232.2(6)(b), (c), (e), (g), (n), and (o) (2015).

The mother participated in a substance abuse treatment program and attended visitation with the children. She also participated in Family Safety, Risk, and Permanency services to improve her parenting skills. On May 5, 2017, the juvenile court determined the children should be transitioned back into the mother's care based on the progress she had made in the case, with continuing supervision by the Iowa Department of Human Services (DHS).[1]

The children were again removed from the mother's care on September 11, 2017, due to her use of illegal drugs. The mother had a drug test, which was positive for opiates. The children were returned to the care of Ro.J. In a

---

[1]    Ro.J. appealed the order placing the children in A.W.'s care. We affirmed the permanency order. *See In re R.J.*, No. 17-0826, 2017 WL 3078122, at *3 (Iowa Ct. App. July 18, 2017).

permanency order, filed on January 31, 2018, the court found, "[T]he mother does well for a while but then falls back into her old patterns of behaviors." The court concluded the permanency goal for Ra.J. should be sole custody with his father, Ro.J., and X.W. should be placed in a guardianship with Ro.J. The court determined the children should continue in the care of Ro.J., subject to supervision by DHS. The mother appeals the permanency order.

## II. Standard of Review

Our review in CINA proceedings is de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "As in all juvenile proceedings, our fundamental concern is the best interests of the child." *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001). Allegations in CINA proceedings must be proved by clear and convincing evidence. Iowa Code § 232.96(2).

## III. Best Interests

The mother claims it is not in the children's best interests to be placed in the care of Ro.J. The placement of children in a permanency order should serve their best interests. *In re C.D.*, 509 N.W.2d 509, 513 (Iowa Ct. App. 1993).

The juvenile court found the mother was not taking recovery from substance abuse seriously. The court noted she had multiple relapses into substance abuse and was not honest with service providers. About Ro.J., the court stated:

> While he has not been a perfect parent, he has provided the [children] structure for most of this case. [Ro.J.] is [Ra.J.'s] biological father and he is the only father figure that [X.W.] has ever known. The [children] are very bonded to him and to each other.

We agree with the juvenile court's findings. Ro.J. has cared for the children since June 24, 2015, except for a period of about four months when they were in the mother's care. He has provided them with stability and structure, which the mother did not provide. Although she has received services over a substantial period of time, the mother is unable to maintain sobriety. As the juvenile court noted, "[T]he mother does well for a while but then falls back into her old patterns of behaviors." We conclude it is in the best interests of the children to be placed with Ro.J. We affirm the decision of the juvenile court.

**AFFIRMED.**